Elizabeth Tressler, Appellant, v. S. B. Whitsett, Alvin T. Dickens and J. W. Kerr.—12 S. W. (2d) 723.

Division One, December 31, 1928.

*H. W. Femmer* for appellant.

*Charles A. McIntyre* for respondents.

.LINDSAY, C.—This is an appeal from a judgment for defendants, entered upon the pleadings. The court sustained a demurrer, filed by defendant Whitsett to the plaintiff's second amended petition, and later, on motion of the parties, entered judgment upon the pleadings, in favor of defendants, dismissing plaintiff's petition, and for costs.

The plaintiff, among other things, asked for cancellation of certain notes aggregating $342.68, given by her to defendant Whitsett, the payment of which was secured by a deed of trust upon certain real estate of plaintiff made to defendant Dickens as trustee. Defendant Kerr is alleged to hold said notes for the use and benefit of defendant Whitsett. The appeal taken was to the St. Louis Court of Appeals. That court held that cancellation of the deed of trust was sought upon the alleged ground that it was procured by the fraud of defendant Whitsett and the title to land was put in issue directly, and the appellate jurisdiction was vested exclusively in this court, under the ruling in Conrey v. Pratt, 248 Mo. 576, 582, and thereupon trans-

ferred the cause to this court. The ruling in the Conrey case is cited and followed in Linneman v. Henry, 316 Mo. 678. Plaintiff's petition is as follows:

"Comes now the plaintiff, leave of court first had and obtained, and files this, her second amended petition, and for cause of action states that at all times hereinafter mentioned she was the owner of a certain deed of trust and the notes secured thereby, hereinafter mentioned, all dated December 4, 1917; said deed of trust was executed by W. A. Randell to O. L. Anderson, trustee, and in favor of this plaintiff, on the following described property, to-wit:

"All of lots one (1) and two (2) of Sutter's Subdivision in said County of St. Louis, according to a plat of said subdivision of record in plat book of said county, No. 7, at page No. 18, said lots having a frontage of fifty-three feet on the north line of Olive Street by a depth northwardly of 134 feet 4 inches to an alley, as represented on said plat, together with all improvements thereon, consisting of a frame garage building now being used and rented for garage purposes, securing fifty-six notes, payable to this plaintiff, all bearing date December 4, 1917, each for the sum of thirty-five dollars, with interest at the rate of six per cent per annum, said notes becoming due and payable consecutively each month for the period of fifty-six months, and one note bearing same date for $40, with interest at the rate of six per cent per annum, payable fifty-seven months after date.

"Plaintiff further states that on or about the 5th day of December, 1917, one J. B. Erhardt represented to this plaintiff that he was in need of $400. That he was the owner of a farm of one hundred and sixty acres located in Jefferson County, State of Missouri; that he had been and was the owner of a warranty deed conveying the fee-simple title to said farm, but that the deed was signed and executed by the record title owner of said farm, wherein the grantee's name in said deed was left blank. Said J. B. Erhardt further represented to this plaintiff that the defendant S. B. Whitsett would accept said deed to the farm, together with the notes and mortgage of this plaintiff above set out, as collateral security for the said $400; that this plaintiff, in order to accommodate the aforesaid J. B. Erhardt, on or about the 5th day of December, 1917, jointly with said J. B. Erhardt, executed a negotiable promissory note for the sum of $400, due and payable in one year from date, to the defendant S. B. Whitsett or his order; that this plaintiff then and there delivered to said J. B. Erhardt her above-mentioned deed of trust and notes secured thereby to be used as collateral security by said J. B. Erhardt, together with the deed to the land in Jefferson County. That said J. B. Erhardt on or about the same date delivered to the defendant S. B. Whitsett the note for $400 duly executed by himself and this

plaintiff, as aforesaid, together with deed of trust and notes of this plaintiff above described, together with his aforesaid deed in blank to the Jefferson County real estate, all as collateral security to secure the payment of the note of $400 above referred to. Plaintiff further states that the defendant S. B. Whitsett at the time that he accepted the said notes and collateral and at the time he paid the consideration therefor knew that plaintiff was the owner of the mortgage and notes above referred to and also knew that she delivered same to said J. B. Erhardt to be used as collateral security, as aforesaid, as an accommodation to said J. B. Erhardt, and also knew that she signed the note for $400, secured by said collateral, as an accommodation to said J. B. Erhardt.

"Plaintiff further states that the said J. B. Erhardt on or about December 5, 1917, paid to the defendant S. B. Whitsett on said note $35 and again on September 30, 1918, paid to him on said note $200.

"Plaintiff further states that on or about January 4, 1918, the defendant S. B. Whitsett wrongfully and without the knowledge or consent of this plaintiff returned to the said J. B. Erhardt the aforesaid deed to the 160 acres of land in Jefferson County, the name of the grantee then and there still being in blank. That said J. B. Erhardt on or about January 4, 1918, sold the aforesaid Jefferson County property for $4,500 in cash and conveyed the title thereto by writing the purchaser's name in said blank deed and recording same.

"Plaintiff further states that on or about November 30, 1920, the defendant S. B. Whitsett notified this plaintiff that J. B. Erhardt had not paid the accommodation note aforesaid; told her it was for the sum of $600 and if same were not paid forthwith that he, said defendant, would advertise and sell the notes and mortgage of this plaintiff, held by him as collateral, as aforesaid; that this plaintiff thereupon became nervous and excited and having forgotten that the note held by the defendant S. B. Whitsett was for the sum of $400, instead of $600, this plaintiff then and there being an old woman, over the age of eighty years, feeble and easily excited, became fearful that she would lose her said property, and at the special direction of the defendant S. B. Whitsett gave to said defendant $100 in cash and executed to him four notes at $20 each, ten notes at $25 each and one note for $12.68, aggregating $342.68, and also executed in favor of the defendant a deed of trust on her lot and premises above described (which the plaintiff then was the owner of) to secure same, and delivered said mortgage and notes to the defendant S. B. Whitsett.

"Plaintiff further states that she did not know at the time she signed the last notes aggregating $342.68 and at the time she paid him the $100 in cash that he, the said S. B. Whitsett, had returned to J.

854

B. Erhardt the aforesaid deed to the 160 acres of land owned by the said J. B. Erhardt in Jefferson County as aforesaid.

"Plaintiff further states that said J. B. Erhardt is now insolvent; that she is entitled to be subrogated to the rights and security of the aforesaid defendant S. B. Whitsett in and to the land of said J. B. Erhardt in Jefferson County aforesaid, but said defendant having permitted said J. B. Erhardt to sell said land as aforesaid, said defendant S. B. Whitsett did thereby wrongfully and wickedly deprive this plaintiff of her lawful rights of subrogation.

"Plaintiff further states that Alvin T. Dickens, one of the above-mentioned defendants, is trustee in the last-mentioned deed of trust above referred to securing the notes aggregating $342.68.

"Plaintiff further states that the defendant S. B. Whitsett turned the said last-mentioned notes and mortgage over to the defendant J. W. Kerr; that the said defendant J. W. Kerr, when he bought and received said notes aggregating $342.68 secured by mortgage aforesaid, knew all of the foregoing facts, nevertheless bought or received the same after they were past due and payable; that said J. W. Kerr did not pay any value for said notes, but is holding the same for the use and benefit of defendant S. B. Whitsett and is merely posing as an innocent purchaser for the purpose of defrauding plaintiff out of her legal rights and property.

"Wherefore plaintiff prays this Honorable Court to require the defendants to deliver up for cancellation the note above referred to in the sum of $342.68 and that the mortgage securing the payment of same be released of record and canceled; that the defendant be compelled to return to this plaintiff the $100 paid to the defendant S. B. Whitsett, as aforesaid, and that she may have judgment for the amount expended for counsel fees in bringing this action, and for such other relief as to the court may seem meet and proper."

The demurrer filed by defendant Whitsett to the second amended petition, was grounded, first, on the statement that the petition failed to state a cause of action as against him; next, that the only cause of action stated was one against J. B. Erhardt; that the petition did not allege any privity of contract or agreement with the defendant; that plaintiff as an accommodation maker was bound, under Section 816, Revised Statutes 1919. The demurrer next pleaded that the defendant made demand for the payment of the notes secured by the property which the plaintiff owns, securing the payment of the note "complained of;" and closed, by alleging that plaintiff had "legal counsel to represent her and prepare secured notes against said property." The record entries show that there was another suit by plaintiff against the defendants pending. In the briefs it is said the other suit was for an injunction, and that on the motions for judgment in both causes, the motions were submitted on the pleadings

in this cause, the two being consolidated as one. The abstract does not show the pleadings in the other cause. The petition in some respects is not as definite as it ought to be, and sometimes pleads conclusions. "A demurrer on the ground that the petition does not state facts sufficient to constitute a cause of action, is confined to that objection, and does not reach any defects, imperfections or uncertainty in the pleading, provided a cause of action or defense may be implied from its allegations by reasonable and fair intendment." [Eads v. Gains, 58 Mo. App. 1. c. 594 and cases there cited.]

The briefs filed by the respective counsel are scant. The brief for appellant contains no assignment of errors, and under his points and authorities there is nothing but the statement, severally, of two abstract principles of law, under each of which, is cited a single authority. Counsel for the defendants contents himself with a short printed argument in which are contained statements said to have been included in the allegations of the original petitions, but not in the record. He cites no authorities other than Section 816, Revised Statutes 1919, and that, as authority for the contention that if the plaintiff "was an accommodation maker to the loan, she is bound." In the petition the pleader does not allege that at the time plaintiff paid defendant Whitsett $100 and executed the notes aggregating $342.68, the original note was cancelled; nor, does he allege that at that time the notes held by the plaintiff aggregating $2000, and secured by the deed of trust executed by Randall, were delivered back to the plaintiff. Defendants, in their argument concede that said notes were delivered up at the time of the execution of the notes sought to be cancelled. This, however, is regarded as immaterial inasmuch as the notes sought to be cancelled were given by plaintiff in substitution for the original note, or for whatever remained unpaid upon that note.

With a fairly liberal interpretation the allegation of the petition show that plaintiff was an accommodation maker of the original note; that Erhardt, as collateral security for the payment of that note, delivered to defendant Whitsett the deed, to the Jefferson County land, with the blank for grantee unfilled; that Whitsett knew plaintiff signed the note as an accommodation maker; that he permitted the collateral security to be sold without application of the proceeds upon the note.

Section 816, Revised Statutes 1919, defines an accommodation party as one who has signed the instrument as a maker, or otherwise, without receiving value therefor, and for the purpose of lending his name to some other person. The section also provides: "Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." In Long v. Mason, 273 Mo.

266, a case in some respects similar to this, it was held that under the Negotiable Instruments Act, the payee of a note is not to be considered as "a holder in due course" within the meaning of that act, and that as to the payee, the note is "subject to the same defenses as if it were non-negotiable." The rule that under the act the payee is a holder other than in due course, and in his hands the note is subject to the same defenses as if it were non-negotiable, was adhered to in Gate City National Bank v. Bunton, 316 Mo. 1338, 1351.

In Long v. Mason, supra, the suit was brought upon the note by the payee. The facts were that the note there in suit was executed by one Mason, who received the consideration; and the other parties to the note, defendants in that suit, executed it with him for his accommodation; that at the time of the execution of the note, Mason, as additional security for its payment, executed and delivered a deed of trust upon certain lands in favor of the plaintiff payee. Thereafter, Mason sold the lands and plaintiff released his deed of trust thereon, and only required payment, or, at least gave credit on the note for a part of the purchase price received by Mason for the land sold. The release of the deed of trust was without the knowledge or consent of the accommodation makers. They set up these facts as a defense, and by way of equitable counterclaim or cross-action of subrogation, in bar of plaintiff's right of recovery. That defense was allowed upon the theory that the deed of trust given by Mason to the plaintiff inured in equity to the benefit of the accommodation makers, and became in equity security to them for any amount which they might be required to pay. The ruling concurred in by the majority was in part based upon law other than that contained in the Negotiable Instruments Act. In that case the accommodation makers did not pay anything, and their equitable counterclaim or cross-action of subrogation was allowed, as a bar to the plaintiff's right of recovery. The unapplied proceeds from the sale of the security extinguished the plaintiff's note. Under the circumstances in that case it was held that the right of the parties were in no manner changed by the provisions of the Negotiable Instruments Act, and that in such a case, parol evidence is admissible to show that an ostensible maker has signed the note as surety; and, that if the payee took a mortgage as collateral security for the payment of the note and releases such collateral without the assent of the surety, the latter thereby was released from his obligation to the extent of the value of the property released. In this case counsel for defendants in his printed argument urges that plaintiff herein did not pay the note, and that no right of subrogation could exist. However, the deed to the Jefferson County land was delivered by Erhardt to defendant Whitsett, as collateral security when the note was de-

livered, and the right of the plaintiff to have the collateral preserved for the purpose for which it was given, began at that time. This right, although there was no express stipulation or agreement to that effect, did not depend on whether the plaintiff at the time, was aware of the collateral security represented by the Jefferson County deed delivered to defendant Whitsett. [25 R. C. L. 1328, 1329, title "Subrogation," sec. 13.] In the instant case the notes sought to be cancelled are not in the hands of the payee. The allegation of the petition is that defendant Kerr holds them for the use and benefit of defendant Whitsett; that Kerr paid no value for said notes; that he received them after they were past due. Under such circumstances defendant Kerr is not a holder in due course. [Sec. 838, R. S. 1919.] A holder in due course as defined by that section is one who takes the instrument under the following conditions: "(1) That it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such were the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." If, as stated in the petition, defendant Kerr took the note sought to be cancelled with knowledge of the circumstances under which they were executed, and when said notes were over due, and paid no value for them, and holds them for the use and benefit of defendant Whitsett the payee in said notes, he has no greater rights therein as against the plaintiff than has defendant Whitsett. By delivering the blank deed to defendant Whitsett, as collateral security, Erhardt impliedly authorized Whitsett to insert as grantee his own name if necessary, or the name of any other person to whom land might be sold, in the way of realizing upon it as security; and, by the return of the deed in blank by Whitsett to Erhardt, and in permitting the land to be sold, Whitsett impliedly restored to Erhardt authority to fill in the blank. At any rate defendant Whitsett should not be permitted to say that return of the deed by him did not operate as a release of the land as security. [Stover v. Snow, 315 Mo. 1. c. 1053.] See also Thummel v. Holden, 149 Mo. 677. Also, if defendant Whitsett. without the knowledge or consent of the plaintiff delivered the blank deed to the Jefferson County land to Erhardt, and permitted the sale and conveyance of the land and permitted the purchase price of $4000 to be applied otherwise than to the extinguishment of the note thereby secured, then, as against Whitsett, plaintiff had the right to have said note extinguished. And, since the notes sought to be cancelled were given by plaintiff in the way of renewal, and without knowledge that the security embodied in the deed to the Jefferson County land had been applied otherwise than to the ex-

tinguishment of the indebtedness, her right to have the new notes extinguished was not different from her right in respect to the original note, and was not lost as against defendant Whitsett, nor, as against defendant Kerr who stands in no better relation.

Counsel for defendants suggests that under the facts alleged Erhardt was a necessary party to the suit, and indeed, the only proper party. In answer to this it is only necessary to refer again to Long v. Mason, supra. In that case, Mason, who was the maker for whose accommodation the other parties executed the note, and who gave the collateral security to the payee, was made a party, but there being no service upon him the suit was dismissed as to him, and proceeded to judgment as between the payee and the accommodation makers. There, and here also, the essential issue was between the party who held collateral security in which the other parties had an equitable interest, and as between himself and the others, and without applying the proceeds to payment of the debt, he could not release the collateral without their consent. The issue here as to cancellation of the notes and deed of trust given by the plaintiff, is essentially the same as the issue in Long v. Mason. The parties to this suit are in reverse order to the parties plaintiff and defendants, in that suit, but that is an immaterial matter. Given reasonable and fair intendment the allegations of the petition state facts sufficient to constitute a case entitling the plaintiff to equitable relief, as against the renewal notes and the deed of trust given to secure their payment.

The judgment is reversed and the cause remanded. *Seddon* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. All of the judges concur.