SCHNEIDER, Appellant, v. THE MISSOURI PACIFIC RAILWAY COMPANY et al., Respondents.

St. Louis Court of Appeals, March 13, 1906.

1. MASTER AND SERVANT: Safe Appliances: Pleading. In an action for damages received while the plaintiff was employed by the defendant, a paragraph of the plaintiff's petition alleging that the defendant's foreman negligently ordered the plaintiff to work with unsafe appliances, was properly stricken out where other allegations of the petition showed that the accident must have happened through the negligent act of another employee.

2. ———: ———: ———. But it was improper to strike out a portion of the objectionable paragraph which was essential to a complete statement of the defendant's breach of duty alleged in the remainder of the petition.

3. ———: Fellow-Servants. A mechanic repairing a piece of machinery called an engine "strap" and a laborer put to work to assist him in such work under the direction of the same foreman, were fellow-servants so that the laborer in an action against the employer, could not recover for an injury inflicted while so employed, by the negligence of the mechanic.

117 App.—9

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED.

*Christian F. Schneider* and *Chas. B. Stark* for appellant.

(1)    The charge of negligence contained in the part the respondent asked the court to strike out stated actionable negligence against the respondents and said motion should have been overruled. . Plaintiff (appellant) having been placed by defendant (respondents) in a dangerous place, he was entitled to recover if injured while there without contributory negligence on his part. Devore v. Railroad, 86 Mo. App. 429; Doyle v. Railroad, 140 Mo. 16, 41 S. W. 255; Connolly v. St. Joseph Prtg. Co., 166 Mo. 464, 66 S. W. 268; Hamman v. Cent. Coal & Coke Co., 156 Mo. 244, 56 S. W. 1901; Murray v. Railroad, 98 Mo. 578, 12 S. W. 252; Musick v. Dold Packing Co., 58 Mo. App. 329, 333; Soelswitz v. Am. Biscuit Mnfg. Co., 78 Mo. App. 144. (2)    The petition charged that the defendant (respondents) knew or by the exercise of ordinary care would have known that it was dangerous to direct plaintiff to assist said mechanic and that he (plaintiff) was apt to be injured thereby. For the purpose of this proceeding, the motions to strike out said allegations are admitted to be true.    If true they constituted a direct, continuing and contributing cause of the injury, and respondents are liable therefor. 2 Redfield on Negligence (5 Ed.), sec. 39; Wharton on Negligence (2 Ed.), par. 125, 126; Brash v. City of St. Louis, 161 Mo. 438, 61 S. W. 808; Thompson on Negligence (2 Ed.), par. 2, 1085; 16 Am. and Eng. Encyl. of Law, "Negligence, Concurrent Causes," p. 404; Parsons v. Railroad, 94 Mo. 286, 6 S. W. 464; Pruitt v. Railroad, 62 Mo. 527.

*Martin L. Clardy* and *Henry G. Herbel* for respondents.

(1)   It will be perceived, on a reading of the petition, that the plaintiff attempted to fasten liability on these defendants by alleging that they had set him to work assisting a mechanic, for which work he had not been originally employed, and that defendants failed to notify him of the danger of being injured in the manner he was.  The purpose of our motion to strike out that part of the petition which was stricken out, was to eliminate therefrom allegations of negligence which could not possibly have been the proximate cause of plaintiff's injury, and did not state, or tend to state, any cause of action against these defendants.   Haley v. Transit Co., 179 Mo. 30, 77 S. W. 731; Fore v. Railroad, 89 S. W. 1035; Grier v. Railroad, 108 Mo. App. 565, 84 S. W. 158; Moffat v. Railroad, 88 S. W. 117; Woolsey v. Railroad, 88 S. W. 1134; Henry v. Railroad, 76 Mo. 294; Gordon v. Railroad, 44 Mo. App. 208; Logan v. Railroad, 96 Mo. App. 465, 70 S. W. 734; Railroad v. Hathaway's Ex'x, 89 S. W. 724; McAlister v. Railroad, 74 Mo. 363; Leduke v. Railroad, 4 Mo. App. 490; Francis v. Transfer Co., 5 Mo. App. 12; Powell v. Railroad, 76 Mo. 82; Mathiason v. Mayer, 90 Mo. 586, 2 S. W. 834; Werbowlsky v. Railroad, 48 N. W. 1097. (2) The action of the trial court, in sustaining our motion to strike out this part of plaintiff's petition, was also justifiable on the ground that the facts stated therein did not constitute or tend to constitute a cause of action against these defendants.   Nugent v. Railway, 131 Mo. 245, 33 S. W. 428; Woerheide v. Railroad, 32 Mo. App. 370; Osborne v. Coal Co., 71 N. W. 814; Snyder v. Railroad, 60 Mo. 419; State ex rel. v. Adams, 161 Mo. 367, 61 S. W. 894; Hand v. St. Louis, 158 Mo. 213, 59 S. W. 92; Mallinckrodt Chemical Works v. Nemnick, 169 Mo. 397, 69 S. W. 355; Higgins v. Railroad, 104 Mo. 418, 16 S. W. 409.   The demurrer to the

residue of this petition was properly sustained, for the reason that it appears that plaintiff's injury was the result of the negligence of the mechanic with whom he was working, who was his fellow-servant. Richardson v. Mesker, 171 Mo. 674, 72 S. W. 506; Leitner v. Grieb, 104 Mo. App. 176, 77 S. W. 764.

STATEMENT.—The petition in this case is as follows:

"1.    Plaintiff for his amended petition herein, leave to file same having been first had and obtained, and for his cause of action against defendant, states that the defendants are now and were at the times hereinafter mentioned and referred to corporations organized and existing under the laws of the State of Missouri, and engaged in the business of conducting a steam railway business and as a common carrier in the city of St. Louis and State of Missouri, and elsewhere.

"2.    Plaintiff further states that the defendants in carrying on their said business used a certain roundhouse and repair shops located in the southern part of the city of St. Louis known as Carondelet; that on the 16th day of September, 1903, the plaintiff herein was employed in the said roundhouse of the defendants as an engine wiper; that as such his duties consisted of cleaning up and wiping off engines, brought here for that purpose, and starting the fire and getting engines ready to start to work.

"3.    And for an assignment of negligence against the defendants, plaintiff states that on said day, the agent and foreman of said roundhouse, being the agent of said defendants, having charge and control of plaintiff at said time, carelessly and negligently ordered and directed the plaintiff to assist a certain mechanic then and there being in the employ of defendants for the purpose of constructing and repairing engines broken down or out of repair; that said work was new and unknown to plaintiff; that said work requires a trained and skill-

ed mechanic; that said foreman knew and by the exercise of ordinary care would have known that the plaintiff did not understand said work and that it was new to him; that said foreman knew and by the exercise of ordinary care would have known it was dangerous to order plaintiff to assist said mechanic in doing said work, and that plaintiff was apt to get hurt or injured thereby; that said foreman was careless and negligent in ordering and directing plaintiff to assist said mechanic in doing said work, which carelessness and negligence directly contributed to and caused the injuries received and suffered by the plaintiff as hereinafter more fully set forth.

"4. Plaintiff further states that in assisting the said mechanic, as aforesaid, the said mechanic directed this plaintiff to fetch a certain part or piece of a locomotive or engine called a 'strap' and being a heavy piece of machinery consisting in part of certain bars of steel, iron and brass with certain pins and keys running through them and used for the purpose of connecting the parts called the driving rods of such engine or locomotive; that in pursuance of said order and direction, this plaintiff brought said strap to said mechanic; that thereupon said mechanic directed and ordered this plaintiff to hold said strap with his hands in an upright position so he, the said mechanic, could knock out the pins, being the bolts running through the said strap; that in pursuance of said order this plaintiff held said strap as directed by placing his hand at the top of the same; that in doing so his two fingers, being the second and third fingers of plaintiff's left hand, were placed in a hole in the upper part of said strap where one of said bolts or pins had been taken out; that said mechanic was engaged in knocking or taking out the other bolts or pins, and then suddenly and without warning to plaintiff, carelessly and negligently jerked up a certain crosspiece in the lower part of the inside of said strap and closely fitting the same and thereby caught plaintiff's said fingers, badly crushing, mashing, lacerating, bruising and cut-

ting the same; that this plaintiff had no knowledge of the mechanism of said strap or its various parts and did not know that said mechanic would jerk up the said part; and did not know that said part so jerked up was movable; that neither the said foreman nor the said mechanic told or instructed the plaintiff how to handle the same that the plaintiff did not know of the dangers of handling the said strap or piece of machinery and had no warning, knowledge or notice of same; that said mechanic knew, or by the exercise of ordinary care would have known that plaintiff's hand and fingers were in said place; and knew, or by the exercise of ordinary care would have known to jerk up said crosspiece of metal without notice or warning to plaintiff while his hand was in said position, would cause injury to plaintiff; that the injuries aforesaid were caused by the carelessness and negligence of the said mechanic and foreman as aforesaid; that by reason of said injuries as aforesaid plaintiff suffered great pain of mind and body and will continue to suffer great pain of mind and body; that by reason thereof he has suffered great loss of earnings and will continue to suffer great loss of earnings; that said injuries will cause said fingers to be and remain permanently stiff and disabled; that he has incurred expense for medicines and medical attendance in trying to cure said injuries; all to his damage in the sum of four thousand five hundred dollars, for which sum, together with his costs herein expended he prays judgment."

The third paragraph was stricken out on defendants' motion. Then a demurrer to the petition was sustained and, plaintiff having declined to amend, final judgment was entered and he appealed.

GOODE, J. (after stating the facts).—The first error assigned is striking out the third paragraph of the petition, which charged defendants with negligence in that their foreman ordered plaintiff to assist one of the mechanics employed to construct and repair engines.

The allegation is that the work plaintiff was ordered to do required a skilled mechanic and plaintiff did not understand such work, as the foreman knew; wherefore the latter was negligent in ordering plaintiff to assist in it and this negligence directly contributed to and caused the injury received. The next paragraph stated how the accident happened and showed plaintiff was holding a piece of machinery known as an engine strap, while the man he was helping knocked out the pins and bolts which ran through the strap. The engine strap was exhibited by the parties at the argument. Properly speaking it was not a strap, but a contrivance made of iron with parallel bars on either side and between them a brass crosspiece which could be pulled out. The petition stated, in effect, that plaintiff stuck his fingers through some holes in the bars out of which bolts had been knocked, and the mechanic suddenly and negligently jerked up the crosspiece from between the bars, thereby crushing and lacerating plaintiff's fingers. It was further averred that neither the foreman nor the mechanic instructed plaintiff how to handle the strap and that he was ignorant of the dangers incident to handling it; that the mechanic plaintiff was assisting knew, or by ordinary care could have known, plaintiff's fingers were through the holes and that to jerk the crosspiece upwards without warning would injure his hand. The petition charged that the hurt plaintiff received was due to the combined negligence of the workman he was assisting and the foreman who ordered him to assist. But it is apparent that the proximate cause of the injury was the negligent act of the mechanic in jerking the crosspiece against the ends of plaintiff's fingers, and not the order of the foreman. The work plaintiff was ordered to assist in was not accompanied by any latent or concealed risk. It was plain to be seen that while plaintiff's fingers were protruded through the bolt-holes, a jerk upwards of the cross-piece which fitted between the sides of the engine strap, would crush them. Therefore

it is obvious that nothing but the mechanic's careless-
ness was the proximate cause of the accident. Plaintiff
was not hurt in consequence of any risk incident to what
he was doing, but by the fault of the man he was helping;
which fault must be regarded as, in law, the cause of the
injury. Many cases might be cited in support of this
ruling, but the following are apposite and will suffice:
Haley v. Transit Co., 179 Mo. 31, 77 S. W. 731; Henry v.
Railroad, 76 Mo. 294; Logan v. Railroad, 96 Mo.
App. 465, 70 S. W. 734. Therefore we hold there was no
error in striking out that portion of the third paragraph
of the petition which charged that the foreman's order
to plaintiff to assist one of defendants' mechanics, was
the cause of the accident.

But the first sentence of the eliminated paragraph
stated that the mechanic plaintiff was ordered to assist,
was in the employ of the defendants, which allegation
was materially connected with the breach of duty
charged against defendants in the remainder of the pe-
tition. This breach was that said mechanic hurt plain-
tiff's hand by negligently jerking the crosspiece out of
the engine strap while plaintiff's fingers were stuck
through the bolt-holes so they would be caught. The
first sentence of the third paragraph was not interwoven
with the allegation of negligence in ordering plaintiff to
assist in doing work of which he was ignorant and which
required a trained and skilled workman. It averred a
fact essential, not only to that allegation, but to the part
of the petition which stated the proximate cause of the
accident, and was improperly struck out. [Crocker v.
Mann, 3 Mo. 472; Backman v. Everding, 2 Fed. Cas. No.
708.]

After the motion to strike out had been sustained
and the third paragraph had ceased to be a part of the
petition, plaintiff did not amend, but left his pleading as
it then was. A demurrer asserting that the petition in
that form did not state facts sufficient to constitute a cause
of action was filed and sustained. This ruling is assign-

ed for error; it being contended that the petition showed the mechanic's negligence was the cause of the injury and that defendants were responsible as the mechanic was in their employ. With the third paragraph gone, the petition contained no allegation that the workman who hurt plaintiff was an employee of defendants, and hence nothing to show defendants were responsible for his act. From the briefs of counsel we judge that the demurrer was not sustained on this technical ground, but on a proposition going to the merits of the case, namely; that the facts alleged show plaintiff and the negligent mechanic were fellow-servants. In our opinion they were fellow-servants according to any of the several tests of that relationship which have been proposed by the courts. When the accident happened they were engaged in a common service, for the same employer, on the same task, and, by the natural inference from the facts alleged, under the same foreman.

It is certain that the workman plaintiff was helping was no vice-principal of the defendants with authority over plaintiff, nor was the latter injured in consequence of a breach of some duty to provide for his safety which the law will hold defendants answerable for, no matter what employee actually committed the breach. In other words, plaintiff's injury was not due to a violation of a non-delegable duty; such as using care to provide him with reasonably safe tools and a safe place to work. It is unnecessary to reason about this point, because the facts stated show a case in every material aspect like that of Richardson, Curator, v. Mesker, 171 Mo. 666, 72 S. W. 506, in which the fellow-servant relation was held to have existed between the injured minor and the workman whose carelessness caused the injury.

The judgment is affirmed. All concur.