DAVIS v. BAKEWELL et ux.*

(Circuit Court of Appeals, Eighth Circuit. January 27, 1919.)

No. 4653.

LIBEL AND SLANDER ⬅9(1)—WORDS TENDING TO INJURE IN PROFESSION OR BUSINESS.

The publication of false words or statements concerning one in relation to his profession, trade, or business, which are calculated to cause, and which do cause, him pecuniary loss in the practice of his profession, trade, or business, is actionable.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action at law by Susan Lawrence Davis against Paul Bakewell, Jr., and wife. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Benjamin Carter, of Washington, D. C., and Christian F. Schneider, of St. Louis, Mo., for plaintiff in error.

Jesse McDonald, of St. Louis, Mo. (Arnold Just, of St. Louis, Mo., on the brief), for defendants in error.

Before SANBORN, Circuit Judge, and TRIEBER, District Judge.

SANBORN, Circuit Judge. This case presents by demurrer to the complaint the single question: Does the latter state facts sufficient to constitute a cause of action for slander? The court below answered this question in the negative. The averments of the complaint material to an answer to the legal issue are that the plaintiff was engaged in practicing the profession and business of a lecturer on hygiene, and was daily and honestly acquiring great gains and profit therefrom, when one of the defendants, with intent to injure her in her lecturing, in the presence of divers citizens falsely and maliciously spoke and published of and concerning the said plaintiff, and of and concerning the said plaintiff in the way of her said lectures on hygiene, the false statement that "Susie" meaning the plaintiff, "is crazy," whereby the plaintiff was greatly injured in her lectures on hygiene, divers of her neighbors and other citizens were caused to refuse to attend her lectures, as they had previously been accustomed to do, and the plaintiff was caused to lose great gains and profits, which would otherwise have arisen and accrued to her from her lectures on hygiene, to her damage in the sum of $100,000.

For the purpose of the decision of the question presented by this

complaint, it will be conceded, without discussion of the proposition, that the averment that the defendant published the false statement that the plaintiff "Susie is crazy" would not have stated a cause of action for slander, without the allegations that she made this statement of the plaintiff in relation to her profession, and thereby caused her the pecuniary damage alleged in the practice of that profession.

But the publication of false words or statements, concerning one in relation to his profession, trade, or business, which are calculated to cause, and which do cause, him pecuniary loss in the practice of his profession, trade, or business, is actionable, and the averments of the complaint, which have been recited, clearly state a good cause of action under this well-established rule. Onslow v. Horne, 3 Wilson, 177; Sanderson v. Caldwell, 45 N. Y. 398, 405, 6 Am. Rep. 105; Morrasse v. Brochu, 151 Mass. 567, 575, 25 N. E. 74, 78, 8 L. R. A. 524, 21 Am. St. Rep. 474; Moore v. Francis, 121 N. Y. 199, 203, 204, 205, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810.

Let the judgment below be reversed, and let the case be remanded to the court below, with permission to the defendants to answer.