HORACE G. HEITZEBERG v. VON HOFFMANN PRESS, a Corporation, and GEORGE VON HOFFMANN.—100 S. W. (2d) 307.

Division One, January 5, 1937.

*Suelthaus & Krueger* for appellant.

*Cobbs & Logan* for respondents.

FERGUSON, C.—This is an action for libel. Defendants' joint demurrer to the first amended petition, on the ground that the "petition fails to state facts sufficient to constitute a cause of action against defendants," was sustained. Plaintiff refused to plead further and thereupon judgment was entered in favor of defendants. ■ The petition alleged damages, actual and punitive, in an aggregate amount of $40,000 wherefore plaintiff's appeal from the judgment of the circuit court (of the City of St. Louis) comes here.

Omitting the caption and the allegations in reference to the amount of and prayer for damages, the first amended petition, to which the demurrer was sustained, is as follows:

"Plaintiff, by leave of Court, files this, his first amended petition, and states that the defendant Von Hoffmann Press is a corporation duly organized and existing by virtue of the law and maintains its principal office in the City of St. Louis, Missouri. That the defendant George Von Hoffmann has been associated with the Von Hoffmann Press since the year of 1930 and is now and was on January 7, 1932, the vice-president of said corporation.

"For a cause of action, plaintiff states that the Merchandising Publishing Corporation was a corporation formed in 1926 and is still in good standing as a corporation; that from its incorporation until on or about January 15, 1931, plaintiff was secretary-treasurer and manager of said Merchandising Publishing Corporation. That on or about January 15, 1931, plaintiff's connection and employment with said Merchandising Publishing Corporation was severed, and since that said date he has obtained no permanent employment.

"Plaintiff further states that on the 7th day of January, 1932, defendants, maliciously contriving and intending to injure plaintiff in his good name, fame and reputation, did falsely, maliciously and wrongfully write a certain letter to The City Ice & Fuel Company, in which said letter defendants stated of and concerning the plaintiff the following false and libelous matter, to wit:

" 'The City Ice & Fuel Company,

" 'Polar Wave Building,

" 'St. Louis, Missouri.

" 'Attention: Mr. T. J. Beck.

" 'Dear Sir:

" 'Mr. Horace G. Heitzeberg came in 1922 to our Mr. Williams at that time President of the Von Hoffmann Press with a proposition of starting a trade paper. Mr. Williams decided to gamble with Mr. Heitzeberg on this proposition and so incorporated the Company of which Mr. Heitzeberg was Secretary and Manager. During the time

he was in charge of this company, it showed very little or no profit due to the loose financial policy of Mr. Heitzeberg.

" 'However, his ability as the editor of the publication has given it much prestige and with our watching his financial policy more closely the last six months he was with us, we were able to put the publication on a paying basis. .

" 'We found Mr. Heitzeberg honest and sincere in everything that he did altho we found that he jumped to conclusions and needs watching and guiding.

" 'At no time was there any doubt in our minds as to his ability but we found that he was lax in the qualifications of a manager.

" 'If there is any other information that I can give you, I would be glad to talk to you personally.

" 'Yours very truly,

" 'Von Hoffmann Press,

" 'George Von Hoffmann,

" 'Vice-President.'

"Plaintiff futher states that the foregoing letter was not written in response to any inquiry to the said Von Hoffmann Press, a corporation, or said George Von Hoffmann, but that said defendants took it upon themselves to write said letter with the specific intention of injuring and damaging plaintiff's good name and reputation.

"Plaintiff further states that the statements contained in the foregoing letter charging plaintiff with gambling, with a loose financial policy, with the necessity of careful watching, with jumping at conclusions and needing watching and guiding and with being lax in the qualifications of a manager as set forth herein are each false, malicious, defamatory and libelous, and have greatly humiliated plaintiff and the writing and publication thereof has greatly prejudiced and injured him in his good name, fame and reputation and has greatly injured and damaged him in his profession of advertising and publishing and the management thereof.''

■ "Words written or spoken" of a person in relation to his trade or business may be actionable though "they might not be so if spoken of the individual simply." [Minter v. The Bradstreet Company, 174 Mo. 444, 73 S. W. 668.] Concededly plaintiff herein grounds his cause of action upon libel in his trade or business "which," quoting respondent's brief, "is alleged to be 'advertising and publishing and the management thereof.' '' The publication of false statements or language, whether written or oral which directly tend to prejudice or injure a person in his profession, trade, business or employment, by imputing to him a want of knowledge, skill, capacity, or fitness to perform or discharge the duties thereof, is actionable *per se*. [36 C. J., pp. 1180, 1192; 17 R. C. L., p. 294; Newell, Slander and Libel (94 Ed.), p. 155; St. James Military Academy v. Gaiser, 125 Mo. 517,

28 S. W. 851; Davis v. Bakewell, 255 Fed. 960; Dobbin v. Chicago, R. I. & P. Railroad Co., 157 Mo. App. 689, 138 S. W. 682.] Reverting to the petition, plaintiff alleges that from its incorporation in 1926 until January 15, 1931, he was secretary-treasurer and manager of the Merchandising Publishing Corporation. Though it is not directly stated that such corporation was engaged in the publishing and advertising business that may be inferred from the statements of the letter set out in the petition that the company therein referred to, of which plaintiff was "Secretary and Manager," published a "trade paper." In effect the letter says of plaintiff in relation to his employment as such manager; that he pursued a "loose financial policy;" that his financial policy had to be closely watched in order to put the publication on a paying basis; that as a manager he "needs watching and guiding;" and that "he was lax in the qualifications of a manager." The petition alleges that such statements and imputations in relation to him as a manager of the type and character of business referred to were false and malicious and that "the writing and publication thereof has greatly injured and damaged him in his profession of advertising and publishing and the management thereof."

As noted the demurrer is based solely on the ground that "the petition fails to state facts sufficient to constitute a cause of action." Defendants' first contention in support thereof is that the petition does not allege that at the time of the publication complained of plaintiff was engaged in the trade or business mentioned but that "it affirmatively appears from the petition he was not so engaged" at such time and that therefore "he could not have been libeled" in relation to such business or trade. In this connection it will be noted plaintiff alleges in his petition that certain statements made in the letter "injured and damaged him in his profession of advertising and and publishing and management thereof." As against a general demurrer this would seem a sufficient allegation as to plaintiff's trade or business at the time the alleged false and defamatory statements in respect thereto were written and published. But defendants say the allegations of the petition, that plaintiff's employment as "Secretary-treasurer and manager" of the Merchandising Publishing Corporation "was severed on or about January 15, 1931, and since said date he has obtained no permanent employment," affirmatively shows that he was not engaged on January 7, 1932, in the business or "profession of advertising and publishing and the management thereof" or any other business, trade or employment. This conclusion is arrived at by construing these allegations to mean that plaintiff had not at any time since January 15, 1931, been employed in the trade or business in respect to which he charges libel, had not continued either actually or by intendment to follow same, and had from and

after that date abandoned such business or trade. as a means of livelihood. However the language employed can, we think, be reasonably construed to mean merely that since the date mentioned plaintiff had not obtained or had regular employment or been continuously actually employed in his alleged trade or business. At most in view of the later positive allegation that "his profession," that is, the trade or business which clearly it is intended to imply he follows and is dependent upon for a livelihood, was "advertising and publishing and the management thereof," we hardly think the allegations that "he has obtained no permanent employment" since the date mentioned warrants the construction that he did not either "actually or by intendment" after such date continue to follow or engage in that business in which he had prior thereto been engaged. Newell, Slander and Libel (4 Ed.), page 163, says, that in actions for "slander of a man in his calling" it must be shown that the "calling, whatever it might be, continued, either actually or by intendment, to the time of the speaking of the words." Townshend on Slander and Libel (4 Ed.), section 189, says: "One of the essential elements of the actionable quality of language concerning one in his occupation, . . . is the fact that the person whom the language concerns is in such occupation; . . . it necessarily follows that to render language concerning one in his occupation . . . actionable *per se,* the person whom the language concerns must follow such occupation . . . at the time the language is published. . . . The general rule is that in an action for language concerning one in a special character, it must be shown that he maintained that special character at the time the language was published. . . . Whether or not the plaintiff occupied the special character alleged, and whether or not he continued in such special character until the time of the publication complained against, are questions of fact. A person shown once to have been in any certain . . . profession, or trade, is presumed to continue therein." █ When, as in this instance, a petition is attacked by a general demurrer "all the facts that are well pleaded, and all the inferences of fact that may fairly and reasonably be drawn from the facts pleaded, must be taken as true. In other words, if the facts essential to a recovery are pleaded, however inartificially or defectively, a general demurrer will not lie." [American Brewing Co. v. City of St. Louis, 187 Mo. 367, 86 S. W. 129; Rodgers v. Western Home Town Mutual Fire Ins. Co., 186 Mo. 248, 85 S. W. 369; Aurora Water Co. v. City of Aurora, 129 Mo. 540, 31 S. W. 946.] "A demurrer on the ground that the petition does not state facts sufficient to constitute a cause of action, is confined to that objection, and does not reach any defects, imperfections, or uncertainty in the pleading, provided a·cause of action may be implied from its allegations by reasonable and fair intendment."

[Tressler v. Whitsett, 321 Mo. 849, 12 S. W. (2d) 723.] The facts stated in the petition, and the reasonable inferences therefrom, considered in the light of the foregoing, we think, as against the general demurrer, it must be held that the petition does impliedly and by fair inference and intendment allege the "special character" of plaintiff and that he "continued in such special character until" and "occupied" same at the time of the publication complained against, that is, that at the time of such publication his business or "profession" either "actually or by intendment" was as alleged, making that a question of fact dependent upon the evidence offered to show same.

Defendants' further contention on the demurrer is that the petition shows a privileged occasion and that the statements made in the letter concerning plaintiff in relation to his alleged business or occupation were qualifiedly privileged. The argument advanced in support of this contention is not directed and confined alone to the facts alleged in the petition but is based largely upon purported facts stated in respondent's brief which do not appear in the petition and which if shown in evidence upon a trial of the cause would tend to sustain a defense of qualified privilege. Such facts, of course, cannot be considered in ruling the demurrer to the petition. This contention hardly requires extended discussion for a cursory examination of the petition discloses that as the facts are therein alleged the communication would not be said, as a matter of law, to be privileged. In fact the petition undertakes to expressly negative that concept by charging that "the foregoing letter was not written in response to any inquiry to" the defendants or either of them "but that said defendants took it upon themselves to write said letter with the specific intention of injuring and damaging plaintiff," etc.

We have considered the specific objections advanced against the petition and the argument in support of the demurrer on the ground that the petition fails to state facts constituting a cause of action against defendants but we are constrained to rule against the demurrer. Wherefore the judgment of the circuit court must be reversed and the cause remanded. It is so ordered. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.