J. D. WEBSTER, Appellant, v. STERLING FINANCE COMPANY, a Corporation.—No. 38451.—173 S. W. (2d) 928.

Division One, September 7, 1943.

*Sievers & Reagan* for appellant.

*Joseph Boxerman* for respondent.

756

■ VAN OSDOL, C.—This case has been before this court heretofore. See Webster v. Sterling Finance Co. et al. (Mo. Sup.), 165 S. W. (2d) 688, wherein the former appeal was dismissed as premature, no action having then been taken in the trial court regarding Octozone Equipment Company, a defendant. Subsequently plaintiff dismissed as to that defendant, and has again appealed.

The statement of the case made by this court on the former appeal is adopted with some modifications necessary since the cause may now be more fully reviewed.

Plaintiff, by his second amended petition containing twelve separate counts, sought to recover $7790 damages. The counts are similar in form, but they describe different notes and the amount of damages claimed in the several counts varies from $400 to $900. Defendant moved to strike out a particular paragraph from each of the twelve counts. The motion was sustained.

Defendant further filed a separate demurrer to each count of the second amended petition assigning as a ground therefor that "said counts so amended do not state sufficient facts to constitute a cause of action in favor of plaintiff and against said defendant." The demurrer was sustained as to each count of plaintiff's second amended petition. Plaintiff refused to plead further and it was "ordered by the Court upon motion of the defendant, that plaintiff's causes of action on counts of the petition, be and the same are hereby dismissed, and that defendant Sterling Finance Company, a corporation, have and recover of the plaintiff, its costs and other charges herein expended, and that execution issue therefor . . ." Plaintiff has appealed from the judgment of dismissal.

As stated, each count of the second amended petition involved a separate note and it will be necessary only to outline the allegations of the first count for the purpose of illustration. After naming the original two defendants and alleging that they were duly incorporated and engaged in business within the jurisdiction of the court, plaintiff alleged "that George T. Nuckles made, executed and delivered to Octozone Equipment Company, a corporation, his note for $1,500.00, dated August 1, 1938, payable in fifteen monthly installments of $100.00 each, beginning October 15, 1938; that on September 1, 1938, eight (8) monthly installments in the amount of $100.00 each, aggregating $800.00 of said note, was pledged to defendant, Sterling Finance Company to secure loan of $720.00." How the loan was evidenced, its due date, the rate of interest charged and when the loan was paid off is not alleged. Plaintiff further alleged "that on September 1, 1938, Octozone Equipment Company, a corporation, for valuable consideration assigned the last seven monthly installments of said Nuckles note of $100.00 each, making a total of $700.00, to B. K. Leach, H. C. Barker, Matt F. Morse and O. H. Stephen, of which said assignment the defendant, Sterling Finance Company,

then and there had due and timely notice, and said equity of $700.00 in said note was by the said B. K. Leach, H. C. Barker, Matt F. Morse and O. H. Stephen, for valuable consideration on July 2, 1940, assigned to plaintiff, who is now the holder and owner thereof; . . . that the defendant, Sterling Finance Company, well knowing that the seven monthly installments of said note was the property of plaintiff and plaintiff's assignors, collected said note in full and converted all of said note to its own use, and even though plaintiff has made demand on said defendant, Sterling Finance Company, for said note, said defendant has refused to deliver same to plaintiff; that said seven installments of said note were of the reasonable value of $700.00.''

In all counts of the petition the ''installments'' alleged to have been assigned to plaintiff are exclusive of and in addition to those ''installments'' which are alleged to have been pledged unto the defendant.

Plaintiff further alleged ''that by reason of the above conversion by said defendant, Sterling Finance Company, plaintiff has been damaged in the sum of $700.00.'' Plaintiff then asked ''judgment against the defendants in the sum of $700.00 and for all costs in his behalf expended.''

Appellant assigns error on the action of the court in sustaining the motion to strike and in sustaining the demurrer to each count of the petition. There are other assignments of error to which reference will be made in connection with the consideration of the assignment of error in the sustaining of the motion to strike.

Of the assignment of error in sustaining the demurrer to each count of the petition.

A demurrer, on the ground that the petition does not state facts sufficient to constitute a cause of action, is confined [931] to that objection, and does not reach any defect, imperfections or uncertainty in the pleading, provided a cause of action may be implied from its allegations by reasonable and fair intendment. Heitzeberg v. Von Hoffman Press, 340 Mo. 265, 100 S. W. (2d) 307; Tressler v. Whitsett, 321 Mo. 849, 12 S. W. (2d) 723; Eads v. Gains, 58 Mo. App. 586; State ex rel. Williams v. Carroll, 63 Mo. 156. If the facts essential to recovery are pleaded, however inartificially or defectively, a general demurrer will not lie. Heitzeberg v. Von Hoffman Press, supra, and cases therein cited. See also Whitecotton v. Wilson (Mo. App.), 197 S. W. 168. The form of the action is determined by the substance of the petition. White v. Scarritt, 341 Mo. 1004, 111 S. W. (2d) 18.

We believe that the facts essential to a recovery for money had and received are pleaded.

''The action for money had and received has always been one favored in the law and the tendency is to widen its scope—it being a flexible form of action, levying tribute on equitable, as well as strictly legal doctrines; so that, it has become axiomatic that the

action lies where 'the defendant has received or obtained possession of the money of the plaintiff, which, in equity and good conscience, he ought to pay over to the plaintiff.' " Clifford Banking Co. v. Donovan Commission Co., 195 Mo. 262, 94 S. W. 527.

See also Murry v. Central Bank, 226 Mo. App. 400, 40 S. W. (2d) 721; Whitecotton v. Wilson, supra. In such an action it is held that it is not necessary to allege an express promise to pay, nor is a privity of contract required. The law implies the privity. Third National Bank v. St. Charles Savings Bank, 244 Mo. 554, 149 S. W. 495; Clifford Banking Co. v. Donovan Commission Co., supra; Whitecotton v. Wilson, supra; Richardson v. Moffitt-West Drug Co., 92 Mo. App. 515, 69 S. W. 398; Hall v. Marston, 17 Mass. 574.

It is alleged in the various counts of the petition that the plaintiff through successive assignments became the owner of an "equity" in the notes. It may be here noted that the alleged assignment was not of the entire note subject to an alleged pledge, but it is alleged that certain installments of the note were assigned unto plaintiff. Under the decisions of Missouri, a single claim of chose in action generally cannot be split by a partial assignment which may be enforceable without the consent of the debtor. Fourth National Bank of St. Louis v. Noonan, 88 Mo. 372; Loomis v. Robinson, 76 Mo. 488; Beardslee v. Morgner, 4 Mo. App. 139, 73 Mo. 22; Burnett v. Crandall, 63 Mo. 410. This rule is for the benefit of the debtor that he may pay his debt as an *integer* and may not be required to pay his obligation to different persons. Beardslee v. Morgner, supra; 6 C. J. S., Assignments, secs. 39-40, pp. 1088-1089. But, by the assignment as pleaded, the plaintiff acquired an equitable right in the note, the extent of which is measured by the amount of certain installments. The amount of these installments is in excess of the amount of the installments alleged to have been pledged unto defendant, and in excess of the amount of the debt to Octozone Equipment Company to secure which, it is alleged, the certain installments were pledged unto defendant. The assignment was not invalid as against the assignor. Stewart v. Kane (Mo. App.), 111 S. W. (2d) 971; Halvorson v. Commerce Trust Co. (Mo. App.), 222 S. W. 897; Fourth National Bank of St. Louis v. Noonan, supra. In this sense only the plaintiff herein may be considered an owner of the "equity" in the note as pleaded.

It is alleged that defendant "collected said note in full." The cause of action is, therefore, not for the enforcement of an alleged liability of the maker of the note.

It is further alleged that defendant "converted all of said note (notes) to its own use, and even though plaintiff has made demand on said defendant, Sterling Finance Company, for said note (notes), said defendant has refused to deliver same to plaintiff . . . " By reasonable intendment this last allegation is tantamount to an allega-

tion that the defendant, having made the collection, has not paid over unto plaintiff the portion of the proceeds of the collection of the note to which plaintiff may be entitled as assignee, although demand has been made therefor. Now if the plaintiff is an assignee as pleaded, and if the defendant has collected the notes in full, and has not paid over unto plaintiff that part of the proceeds of the collection to which the plaintiff is entitled, then (unless defendant has a sufficient legal or equitable defense) the plaintiff in equity and good conscience should recover.

Nor do we believe that the plaintiff should be denied the right to pursue his remedy for money received because he is not the legal owner of the [932] note. According to the allegations of the petition the plaintiff has an equitable right or interest which is superior to any right of the defendant. Since it is alleged that the note has been collected in full, the (maker) debtor suffers no hardship or injustice by this action. The reason for the denial of the enforcement of the equitable right of a partial assignee fails in this case. The court, in the action for money had and received, takes cognizance of that which is just—the restitution, or payment of that which has been received and which in equity and good conscience cannot be retained and so should be paid over. There seems no reason in this case that the action may not be maintained by plaintiff as the alleged owner of an equitable right or interest.

We hold that the court erred in sustaining the general demurrer.

Of the assigned error in sustaining the motion to strike. The court sustained defendant's motion to strike out the following (illustrative) paragraph of each count of the petition:

"Plaintiff states that the purported pledge of said note from Octozone Equipment Company, a corporation, to defendant, Sterling Finance Company, was illegal and void as being in violation of the usury laws of Missouri; that the interest charged and collected, to wit, $80, on said loan of $710 for the use of said money for a period of less than one year was in excess of the legal rate of interest permitted by law in Missouri."

The motion to strike stated as grounds therefor that "the above portion of plaintiff's second amended petition does not state facts constituting any cause of action against this defendant; that under the law any payment of usurious interest by Octozone Equipment Company to defendant Sterling Finance Company cannot be interposed by plaintiff as the basis for any cause of action against said defendant; that said allegation is surplusage, redundant and irrelevant matter to any issue in the case as presented by plaintiff's second amended petition."

There are additional assignments of error which, plaintiff contends, must be considered in ruling upon the assigned error in sustaining the motion to strike. By these assignments of error plaintiff takes

the position that usurious interest on the alleged debt of Octozone Equipment Company to defendant renders invalid the pledge of the notes to secure the debt (Section 3231, R. S. 1939, Mo. R. S. A., sec. 3231); and that the plaintiff (in privity to Octozone Equipment Company), as the alleged assignee of the notes pledged, may plead the invalidity of the pledge. Defendant, respondent, urges that Octozone Equipment Company, a corporation, may not plead usury to invalidate any note "or any security therefor", relying upon the proviso of Section 3230, R. S. 1939, Mo. R. S. A., sec. 3230, ". . . *Provided, however,* that no corporation shall, after this act takes effect, interpose the defense of usury in any such action, nor shall any bond, note, debt, contract or obligation of any corporation or any security therefor, be set aside, impaired or adjudged invalid by reason of the rate of interest which the corporation may have paid or agreed to pay hereon." Defendant further urges that plaintiff, whose rights are alleged to be derived from the Octozone Equipment Company by assignment, can have no greater right to plead the invalidity of the pledge than the assignor. But, the plaintiff asserts, the quoted proviso of Section 3230, supra, is unconstitutional.

We should not consider these latter assignments of error, for it is not necessary, we believe, to the statement of plaintiff's cause of action that the pledge of the (installments) notes be alleged to be invalid. Plaintiff claims no interest in the "installments" alleged to have been pledged.

Only the substantive facts necessary to constitute a cause of action (or defense) shall be stated in a pleading. If irrelevant or redundant matter be inserted in a pleading, it may be stricken out on motion of the adverse party. Sections 935 and 937, R. S. 1939, Mo. R. S. A., secs. 935 and 937; Jarvis v. Chicago, B. & Q. R. Co., 327 Mo. 428, 37 S. W. (2d) 602; Schneider v. Missouri Pac. R. Co., 117 Mo. App. 129, 94 S. W. 730.

The pledge of the notes to the defendant is alleged in the petition elsewhere than by the allegation of the paragraph which was stricken. The allegation of the pledge is a sufficient statement of the relation of the parties as a matter of inducement to the statement of the cause of action. Assuming, but not deciding, that the allegation of usury as pleaded in the paragraph stricken is not a conclusion, the allegation of the invalidity of the pledge injects an apparent issue; but it is an issue unnecessary to plaintiff's recovery, with a consequent burden to a court in a trial of the cause, and possible prejudice to the defendant. The allegation of the invalidity [933] of the pledge may be considered as redundant; the trial court acted within its sound discretion in sustaining the motion to strike out the allegation.

Reversed and remanded. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.