John YOUNG, W. C. Putnam, John A. Putnam and Josephine Putnam, a co-partnership d/b/a Swanson Lumber Company, Plaintiffs-Respondents,

v.

Frank HALL, Defendant-Appellant.

No. 7369.

Springfield Court of Appeals.

Missouri.

June 15, 1955.

Not to be published in State Reports.

Esco v. Kell, West Plains, for defendant-appellant.

Green & Green, West Plains, J. Ben Searcy, Eminence, for plaintiffs-respondents.

STONE, Judge.

Upon motion at the close of the evidence, the court directed the jury to return a verdict for $1,351.01 and interest of $243.-10 on plaintiffs' cause of action on open account for building materials sold to defendant. Upon submission of defendant's counterclaim against plaintiff Young individually, the jury returned a verdict of $2,000 and $400 interest; and, upon submission of the counterclaim of plaintiff Young against defendant, as alleged in the reply, the jury found for defendant. There is no complaint as to the directed verdict on plaintiff's petition but defendant appeals from the order granting a new trial as to *both* counterclaims. The failure of the trial court to specify of record the ground or grounds on which the new trial was granted raises the presumption that the court erroneously sustained the motion for new trial and casts upon plaintiff Young, respondent here, the burden of supporting

such action [Supreme Court Rule 1.10]—a burden which, however, is met if respondent demonstrates that the motion should have been sustained on any ground stated therein. Johnson v. Kansas City Public Service Co., 360 Mo. 429, 228 S.W.2d 796, 797(2); Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W.2d 535, 537(2); Krueger v. Elder Mfg. Co., Mo.App., 260 S.W.2d 349, 350(1).

■ In considering the initial ground on which plaintiff Young seeks to support the order granting a new trial as to *defendant's counterclaim,* namely, that "there was no evidence to sustain the verdict" or, as it might be stated otherwise, that defendant did not make a submissible case, it would seem to be "of primary importance to determine what sort of action is sought to be maintained." United States Fidelity & Guaranty Co. v. Mississippi Valley Trust Co., Mo.App., 153 S.W.2d 752, 757. For this purpose, we turn first to the pleading itself, for, under our Civil Code, "the pleadings continue to be of the greatest utility in defining the issues of a case" [Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S.W.2d 25, 28; Dugan v. Trout, Mo.App., 271 S.W.2d 593, 597] and "the form of the action" is determined by the substance of the pleading in which the cause of action is alleged. Webster v. Sterling Finance Co., 351 Mo. 754, 173 S.W.2d 928, 931(3); White v. Scarritt, 341 Mo. 1004, 111 S.W.2d 18, 21 (4). See also Williams v. Illinois Cent. R. Co., 360 Mo. 501, 229 S.W.2d 1, 2(3), 20 A.L.R.2d 322; Hilderbrand v. Anderson, Mo.App., 270 S.W.2d 406, 409(3).

■ Defendant's counterclaim was bottomed on the alleged sale of 20,000 "concrete brick" or "blocks" to plaintiff Young for which, in the language of that pleading, Young *"promised and agreed to pay $2,000."* Defendant's sole given instruction predicated recovery on his counterclaim on findings "that at the request of plaintiff, John Young, the defendant * * delivered to said John Young 20,000 brick as mentioned in the evidence, and that *said John Young promised and agreed to pay for same the sum of $2,000."* There was no allegation in defendant's counterclaim as to the *reasonable value* of the 20,000 brick or that plaintiff Young had agreed or was obligated to pay such *reasonable value,* and there was no reference to *reasonable value* in the instructions. Defendant's counterclaim, as pleaded and submitted, clearly was *on an express contract* [O'Neal v. Mavrakos Candy Co., Mo., 263 S.W.2d 430, 431 (2), affirming Mo.App., 255 S.W.2d 138; Boyer v. Eberts, Mo.App., 241 S.W.2d 44; Brown v. Clark's Estate, Mo.App., 207 S.W.2d 530, 531(1, 2); Cap-Keystone Printing Co. v. Tallman Co., Mo.App., 180 S.W.2d 802, 803(1)], and *not* on quantum meruit —an obligation "founded upon the fundamental principle that no one ought 'to enrich himself unjustly at the expense of another.'" [Donovan v. Kansas City, 352 Mo. 430, 175 S.W.2d 874, 884(17), modified 179 S.W.2d 108, appeal dismissed 322 U.S. 707, 64 S.Ct. 1049, 88 L.Ed. 1551; Beckemeier v. Baessler, Mo., 270 S.W.2d 782, 787(8)], or as otherwise stated an action to recover "'as much as he has deserved.'" Hoyt v. Buder, 318 Mo. 1155, 6 S.W.2d 947, 951; Rodgers v. Levy, Mo.App., 199 S.W.2d 79, 82(5). "Having chosen his route by way of an express contract (defendant) must recover on that theory and that alone if he recovers at all." Usona Mfg. Co. v. Shubert-Christy Corp., Mo.App., 132 S.W.2d 1101, 1103(5). To the same effect, see the numerous cases in West's Missouri Digest, Vol. 7A, Contracts, Key No. 346(12).

■ Although we are told in the statement of facts in defendant's brief, *but without any page reference to the transcript* [Supreme Court Rule 1.08(c)], that *"plaintiff agreed to pay 10¢ per brick for a total of $2,000,"* we have searched the transcript in vain for any evidence to this effect. We find testimony by defendant that plaintiff Young *ordered* 20,000 brick, that defendant *sold* and *delivered* the brick, that he *charged* 10¢ per brick, and that he *made demand* upon plaintiff Young "to pay this amount * *charged* for these brick," but painstaking examination of the record reveals no testimony, even by defendant himself, that plaintiff Young *"promised and agreed to pay $2,000"* (or, for that matter, any other sum) for the brick. Witnesses Flood and

Young (not related to plaintiff Young) testified with respect to a conversation in which plaintiff Young had told defendant that "I want another 20,000 blocks for a building" and had pointed out "where he wanted the blocks stacked." However, the *sale price* of the brick was not mentioned in the testimony of witness Flood, and witness Young said only that he had heard some discussion about price but did not remember it. Witness Jewell, the only other witness produced by defendant, specifically stated that he had heard nothing about either the number of brick to be sold or their sale price. Plaintiff Young denied that he had purchased or agreed to purchase the 20,000 brick. There being a complete failure of proof that plaintiff Young *"promised and agreed to pay $2,000"* for the 20,000 brick, it necessarily follows that defendant did not make a submissible case on his counterclaim on his pleaded theory of an express contract, and that, for this reason, the action of the trial court in granting a new trial on said counterclaim should be sustained.

The only ground on which plaintiff Young seeks to sustain the order granting a new trial as to *his counterclaim against defendant* is that "there was no evidence to sustain the verdict of the jury" in favor of defendant or, as it might be stated otherwise, that plaintiff Young was entitled to judgment on his counterclaim *as a matter of law*. By his counterclaim, plaintiff Young sought to recover (in the language of his motion for new trial) on "five or more separate items"; but, since he refers to only one of those items in his brief, namely, an alleged balance of $165 due for a "block plant" sold by plaintiff Young to defendant in May, 1950, we shall confine our discussion to the same item. The "block plant" was sold for $2,500 (none of which was paid in cash) under an agreement, apparently oral, which was outlined in evidence no more clearly and definitely than that defendant's indebtedness for the "block plant" was to be credited with labor furnished and materials used by defendant in the construction of a business building for plaintiff Young. The record is silent as to when or how the balance (*if any*) of the $2,500 sale price was to have been paid.

█ Upon completion of the building about October 14, 1950, defendant rendered a statement to plaintiff Young which was, as Young testified, for $2,335. The statement, itself, was not produced. Although defendant conceded that the figure of $2,-335 was "pretty close" to the amount of his statement, he also said that "I don't remember the amount" and that "since I have lost my records I am not in a position to state definitely." Defendant further testified that "I thought that (payment for the plant) was satisfactorily completed," and (*without denial by plaintiff Young*) that Young had made no demand for payment of, and in fact had not mentioned, defendant's alleged indebtedness of $165 at any time prior to the filing of Young's counterclaim on May 8, 1953.

Reading his testimony as a whole, we cannot say that defendant admitted any indebtedness to plaintiff Young individually; and, having in mind that the burden of proof on Young's counterclaim rested on him and that, where the evidence is wholly in parol, a party asserting the affirmative of a determinative issue has no right to a directed verdict even though his evidence be uncontradicted, for the other party nevertheless is entitled to have the jury pass upon the truth and weight of the evidence [Hughes v. Aetna Ins. Co., Mo., 261 S.W. 2d 942, 951–952(15–17); Nichols v. Bresnahan, 357 Mo. 1126, 212 S.W.2d 570, 572 (2, 4–6); Cluck v. Abe, 328 Mo. 81, 40 S.W. 2d 558, 559(2); State ex rel. Strohfeld v. Cox, 325 Mo. 901, 30 S.W.2d 462, 465(6)], we are of the opinion that the issues raised by the counterclaim of plaintiff Young properly were submitted to the jury and that its verdict thereon must be respected.

It is the order and judgment of this court that, as to defendant's counterclaim, the order granting a new trial be affirmed and the cause remanded with directions to permit defendant to amend, if he so desires, to state a cause of action on quantum meruit, and that, as to the counterclaim of plaintiff

Young against defendant, the order granting a new trial be reversed and the cause remanded with directions to reinstate the judgment for defendant entered on the jury verdict.

McDOWELL, P. J., and RUARK, J., concur.