BANK OF KENNETT, A CORPORATION, APPELLANT, v. R. D. CLAYTON AND WALTER RICHARDSON, RESPONDENTS.—245 SW (2) 678.

Springfield Court of Appeals. December 20, 1951.

488

*McHaney & McHaney* for Appellant.

490

*D. W. Gilmore, Blanton & Blanton* for Respondent, R. D. Clayton.

492

VANDEVENTER, P. J.—Suit for damages allegedly caused by the conversion of a tractor and equipment. Jury waived and trial by the court. From a judgment for defendants, plaintiff appeals.

Briefly, plaintiff's petition alleged ownership of a note for $1500.00, dated January 23rd, 1948, and secured by a chattel mortgage (recorded Feb. 17, 1948) on a certain tractor and equipment. The note had been made by W. A. White to H. & H. Tractor Company, a Corporation, and sold to plaintiff. The mortgage contained a provision preventing the sale, disposal or removal of the property from New Madrid County, without the consent of the mortgagee, or its legal representatives. The petition then alleges that the tractor and equipment were removed from New Madrid County without such consent on Feb. 23, 1948 and sold to one R. D. Clayton, who paid the purchase price of $2,789.55 to defendant Walter Richardson. It was also alleged that defendant Clayton had actual or constructive knowledge of plaintiff's chattel mortgage at the time. Judgment was prayed against both Clayton and Richardson for the sum of $1510.00 with interest.

Defendant Clayton's answer asserted that Walter Richardson had loaned W. A. White the purchase money for said tractor, and took a mortgage (recorded Jan. 28, 1948) on the tractor and equipment to secure the amount loaned; that the H. & H. Tractor Co., then and there "held out" White as the owner of said tractor; that he (Clayton) purchased the tractor and equipment from White at Sikeston, Missouri on the 20th day of February, 1948; that he had no knowledge of plaintiff's mortgage and that the purchase price was paid to White and Richardson. That prior to said transaction, Richardson had taken possession and assumed control of the tractor and equipment. The answer prayed for the dismissal of plaintiff's petition or judgment in Clayton's favor.

. With the answer was filed a "cross-claim" against his co-defendant in which it was alleged that Walter Richardson claimed to have a note secured by a mortgage upon the tractor and equipment, that the money was paid to Walter Richardson for that reason and that Richardson retained the money. That if the court should find plaintiff had a lien prior to that of Richardson, and judgment should be entered against defendant Clayton, then Clayton should be given a judgment against Richardson for that amount.

Walter Richardson filed an answer setting up his mortgage and his rights to the proceeds of the sale, but denied knowledge of plaintiff's mortgage. Denials of answers and cross-claim were made by replies.

As stated, the court found the issues for both defendants on plaintiff's petition and for defendant, Walter Richardson, on the "Cross-claim" against him by defendant Clayton. Plaintiff, alone, has appealed.

It is contended by appellant that this is a case in equity, tried de novo in this court. It is suggested by respondents that it was an action at law tried by the court. It is our duty to hear it de novo, whether it be a suit in equity (Milanko v. Austin (Mo. Sup.) 241 S. W. (2) 881. State ex rel Taylor v. Anderson (Mo. Sup.) 242 S. W. (2) 66. Bohnsack v. Hanebrink (Mo. Sup.) 240 S. W. (2) 903. Bowman v. City of East Prairie (Mo. App.) 240 S. W. (2) 203) or whether it can be an action at law, tried by the court. (Mo. R. S. 1949, Sec. 510.310. Prugh, Combest & Land, Inc. v. Linwood State Bank (Mo. App.) 241 S. W. (2) 83. Liberty Mutual Ins. Co. v. Mercantile Home Bank & Trust Co. (Mo. App.) 241 S. W. (2) 493.)

We reach our own decision from the facts presented to us, subject to the rule that where the facts are conflicting and irreconcilable, great deference should be given to the decision of the trial court who had the superior advantage of hearing and observing the witnesses as they testified.

For a complete understanding of the facts, we introduce the following *dramatis personae:* Plaintiff, the Bank of Kennett, was located in Dunklin County. H. & H. Tractor Company was located in New

Madrid County. W. A. White seems to have been living at or near Marston or Parma in New Madrid County at the time the transactions took place, but at the time of the trial, was in a Federal penitentiary, and was not a witness. Defendant, R. D. Clayton, lived at Sikeston in Scott County, was engaged in the real estate and implement business and was also acting as agent for Joe W. Scales of Wales, Tennessee. Appellant Clayton had a drawing account on Scales and when he saw an opportunity to purchase equipment and sell it at a profit, he did so with Scales' money. Walter Richardson, Sr., lived at Marston in New Madrid County, was a farmer, landlord, and lender of money.

With this introduction of the principal characters in this action, we will recite, somewhat in detail, the facts as gleaned from the record in their chronological order. There is very little, if any conflict in the competent and material evidence.

We find the facts to be as follows: About ten days or two weeks before January 23, 1948, W. A. White came to the place of business of H. & H. Tractor Company at New Madrid, Missouri to look at and, if the proper arrangements could be made, buy a used tractor. This proposed deal failed and on the afternoon of the 22nd day of January, 1948, W. A. White appeared at the office of Walter Richardson at Marston, New Madrid County, Missouri. He had in his possession a piece of paper bearing the letterhead of H. & H. Tractor Company, on which was set out the serial numbers of a tractor, the total purchase price thereof and the balance due, which appeared to be $2500.00. White informed Mr. Richardson that he had purchased a new tractor from the H. & H. Tractor Company, as represented by the paper in his possession; that he had made a deposit thereon, that he still owed $2500.00 on it and wanted to borrow the money from Richardson to complete the transaction and offered to give Richardson a chattel mortgage on the tractor to secure the balance of the purchase price. That unless he paid the remainder on the tractor he would lose his deposit. Richardson made no effort to investigate the truth of these statements or to ascertain whether in fact White actually owned the tractor. On that afternoon, the 22nd day of January, 1948, a note and mortgage were prepared in Mr. Richardson's office at Marston. The note was payable to "Barry Leroy Richardson" an infant son of Walter Richardson. The note was in the sum of $12,500.00, was signed by W. A. White, A. P. White and Jerry Edgar. A. P. White was the father and farming partner of W. A. White and Jerry Edgar describes himself as "Just an old day worker on the farm." All seemed to be working for Mr. Richardson. The note was payable on demand and was secured by a chattel mortgage of the same date upon several pieces of machinery, owned by one or the other of the three signers, and also upon "1. New J. D. A-Model Tractor, Serial # A-591713. 1. new two row cultivator."

After this note and mortgage were executed, Mr. Richardson gave to W. A. White an undated check for $2500.00, payable to W. A. White on the Bank of New Madrid, New Madrid, Missouri, and signed, "Walter Richardson, Jr's. Gin, by Walter Richardson." This check was introduced in evidence and showed the endorsements of "W. A. White" and "Edwin Harris" and was perforated, "Paid— 1-28-48." While Richardson testified this sum was to complete the payment for the tractor, it bears a notation on its face, "Crop Loan." The chattel mortgage securing this note was recorded in the recorder's office of New Madrid County, January 28, 1948, at which time Mr. Richardson examined the records to see if there were any other mortgages of record on the tractor but found none.

The next day, January 23, 1948, W. A. White appeared at the place of business of the H. & H. Tractor Company in New Madrid, stating that he wanted to buy a new tractor. This was the second time he had been there so far as the manager of the tractor company knew. He was shown for the first time, "One new Model A. John Deere Tractor, Serial #A-591713, * * ." The purchase price of this tractor was $3,250.00, which Mr. Edwin Harris, credit manager of the H. &.H. Tractor Company agreed to sell to W. A. White for a down payment of $1750.00 and the balance of $1500.00 on time, if secured by a mortgage on the tractor and some other equipment.

To this proposition, W. A. White agreed and executed his promissory note, dated January 23, 1948, due November 1, 1948, for $1500.-00 and secured by a chattel mortgage, with power of sale on "1 new model 'A' John Deere Tractor, Serial # A-591.713, complete with two row cultivator and 3-row middle buster, * *," and it was further provided in the mortgage that "in case of a sale or disposal or attempt to sell or dispose of said property or removal or attempt to remove same from New Madrid County, Missouri * * * the said H. & H. Tractor Co., a corp. or its legal representative, may take the said property or any part thereof into its possession," sell it and apply the proceeds in payment of the note and costs.

Upon the execution of this note and mortgage, the tractor and equipment were delivered to W. A. White and he was given a written statement reciting the purchase price, the amount of the sales tax, the down payment and the amount secured by the mortgage. Upon this paper the serial number was not listed.

In making the down payment of $1750.00 and sales tax, W. A. White presented the $2500.00 check, he had received from Mr. Richardson the previous day, and received from Mr. Harris the difference between the two sums by a check dated the 23rd of January, 1948, for $667.50, which was later endorsed and cashed by W. A. White.

The tractor and equipment were then loaded upon White's truck and taken away by him. This tractor had never been exhibited to White before January 23rd, 1948, and had been at the tractor company's yard

only a few days, but not as many as ten. He had not previously been given the serial number and Mr. Harris did not know how he obtained it.

On February 14, 1948, the H. & H. Tractor Company sold White's note, and endorsed it with recourse, to the Bank of Kennett, plaintiff herein. On February 17, 1948, the chattel mortgage was recorded in the recorder's office at New Madrid. On February 20, W. A. White appeared at the place of business of R. D. Clayton in Sikeston, Scott County, Missouri with the tractor and cultivator. This was without the knowledge or consent of either the H. & H. Tractor Co., or plaintiff. He offered to sell it to Mr. Clayton. After ascertaining where White lived, Mr. Clayton called Walter Richardson, told him that White was trying to sell him this new tractor and asked Mr. Richardson if he had a mortgage. Richardson replied that he did and promised to come to Sikeston and to Mr. Clayton's place of business the next morning. He did appear there the next morning. Until White was confronted with Richardson, he was denying there was any outstanding chattel mortgage against the tractor. But when Richardson appeared he admitted its existence. Clayton then, by agreement with White and Richardson, bought the tractor and cultivator from White for the sum of $2,789.55, made the check payable to both White and Richardson. White then and there endorsed it and delivered it to Richardson. This check was dated February 20, 1948, for $2,789.55, signed Joe W. Scales, by Veda May Foster and countersigned by R. D. Clayton. It was introduced in evidence and bore the endorsements of W. A. White and Walter Richardson and was paid 2-24-48 by the Bank of Sikeston upon which it was drawn. The morning of this transaction (Feb. 20, 1948) was the first time Richardson had possession of the tractor. Clayton was told that W. A. White lived in New Madrid County and had brought the tractor from there to Sikeston. He did not check the records in New Madrid County to see if there were any other mortgages on the tractor. This tractor and equipment were later sold and delivered by Clayton to John Belvin of Tennessee.

It is clearly apparent from this evidence that W. A. White intended to defraud the H. & H. Tractor Company, Walter Richardson and R. D. Clayton. He would have fully accomplished his designs if Clayton had not called Richardson to see if he had a mortgage. The only evidence that indicates that White had contracted for the tractor from the H. & H. Tractor Co. previous to giving Richardson his chattel mortgage was hearsay evidence. Witnesses for Richardson, and Richardson, testified that White (who was not a witness) said he had purchased the tractor and made a down payment on it. But that was clearly hearsay, and incompetent testimony as far as the plaintiff and the H. & H. Tractor Company were concerned. It has no probative force. It is clearly apparent that W. A. White must have surreptitiously obtained the serial number of the tractor, which before de-

livery was in the yard of the tractor company, ·deliberately misrepresented .the facts to Richardson to obtain the $2500.00 and thereafter purchased the tractor from the tractor company with part of the money so obtained. He did not own it at the time he gave the mortgage to Richardson and Richardson says he did not take possession of the property until the 20th day of February, 1948. Between the date of Richardson's mortgage and the date .Richardson took possession of it, White executed the mortgage to the tractor company, it was transferred to plaintiff, was duly recorded and became a valid first lien upon the tractor. A chattel mortgage upon property which the mortgagor does not own, but afterwards acquires, does not become a legal lien in favor of the mortgagee until he actually takes possession of the property.

The rule of law was well stated in Personal Finance Co. of Missouri v. Lewis Inv. Co. et al., (Mo. App.) 138 S. W. (2) 655, where it was said:

"It appears to be a fundamental rule of the common law that a mortgage can operate only on property actually belonging to the mortgagor when the mortgage is given. A mortgage of after-acquired property is void in law bacause it has nothing to operate upon. A mortgage is an executed contract, a present transfer of title, although conditional and defeasible, and it cannot bind property afterwards acquired by the mortgagor. Such a mortgage is void as to third persons having no notice respecting it. The rights of third persons are not affected thereby unless the mortgagee takes actual possession of the property before it is purchased by third persons or seized by creditors, and if such third persons purchase it or such creditors seize it before the mortgagee takes actual possession thereof the third persons or creditors obtain the better right thereto."

To the same effect are the decisions in Wisdom v. Keithley et al., 237 Mo. App. 76. 167 S. W. (2) 450 and New England National Bank v. Northwestern National Bank, 171 Mo. 307, 71 S. W. 191, 60 L. R. A. 256.

This rule was undoubtedly recognized by the Legislature when it enacted Sec. 443.450 Mo. R. S. 1949, Laws of Mo. 1945, Page 681, relating to chattel mortgages on crops to be planted in the future.

This is the rule also though the first chattel mortgage is recorded. As was said in Steckel v. Swift & Co. et al. (Mo. App.) 56 S. W. 806:

"Briefly stated, * * *, the rule is that, where the mortgagee does not take possession of the after-acquired property upon its acquisition by the mortgagor and before the rights of an innocent third party have attached, the provision in question will be held void as to such innocent third party, nor will the constructive knowledge furnished by the recording of the instrument be regarded as sufficient notice."

It is the duty of a mortgagee to ascertain that the mortgagor has a good title to and owns the property he undertakes to mortgage. Peper v. American Exchange National Bank in St. Louis (Mo. App.) 205 S. W. (2) 215. Affirmed 357 Mo. 625, 210 S. W. (2) 41. Goodman v. Nichols, 238 Mo. App. 802, 188 S. W. (2) 666.

At the time Richardson took his mortgage, he knew from whom White claimed he had purchased the tractor. It would have been a simple matter to have verified or disproved his representations. This Richardson did not do. At the time it was sold to Clayton (February 20, 1948) he knew White had brought the tractor to Sikeston from New Madrid County and Richardson knew the same but neither investigated to see if any chattel mortgages were recorded or filed in the county of White's residence. Had they done so, they would have found plaintiff's mortgage.

The plaintiff's mortgage, as far as third parties are concerned, became constructive notice at its recordation, February 17, 1948, and that of Richardson on February 20th, 1948, the day he took possession of the tractor. There is no competent evidence of conduct on the part of H. & H. Tractor Co. that would estop it from now claiming a prior mortgage. The competent evidence shows it had no knowledge of the machinations of W. A. White. Neither did its transferee, the plaintiff, We think plaintiff had a prior lien to that of Richardson.

We are not oblivious to the holding of this court in First National Bank v. Johnson, 221 Mo. App. 31, 297 S. W. 724, or the intimation of its unsoundness in Langford v. Fanning, (Mo. App.) 7 S. W. (2) 726. The chattel mortgage there was upon crops, in good faith to be planted in the future, now specifically allowed by statute (Sec. 443.450 Mo. R. S. 1940). The chattel mortgage here was taken upon property in existence, but not owned by the mortgagor, not in his actual possession, and of course not taken into the possession of the mortgagee until another mortgage had intervened and been recorded.

"A junior mortgagee who seizes the property and holds it, as against the senior mortgagee, or sells it without regard to the rights of the senior mortgagee, whose mortgage is due, is liable to an action for conversion brought by the latter."

(10 Am. Jur., Chattel Mortgages, Sec. 180. Anno. 43 A. L. R. page 395. Bank of Willard v. Young (Mo. App.) 41 S. W. (2) 195.)

Both Clayton and Richardson had constructive notice of the recordation of plaintiff's mortgage in New Madrid County, where White lived and where the property was immediately taken after its purchase from H. & H. Tractor Company.

Under these circumstances, plaintiff had a right to sue them in conversion and as they acted jointly, was entitled to a judgment against both of them.

It was upon the representation of White and Richardson that Mr. Clayton bought the tractor and paid them. He, in good faith, thought

they were entitled to the proceeds, paid them accordingly, and should be re-imbursed for the amount, if any, he is compelled to pay to plaintiffs. Webster v. Sterling Finance Co. 351 Mo. 754, 173 S. W. (2) 928. Propst et al. v. Sheppard et al. (Mo. App.) 359.

We have carefully examined the numerous cases cited by respondents but in none of them are the facts the same as in the case before us, and an independent search reveals no case with such facts.

The judgment of the trial court should be reversed and the cause remanded with directions to render judgment in accordance with this opinion. It is so ordered. *Blair, J.,* and *McDowell, J.,* concur.