**BANK OF IONIA, Appellant,**

v.

**BANK OF ELDON, Respondent.**

No. 23696.

Kansas City Court of Appeals.

Missouri.

Feb. 4, 1963.

O. E. Brown, Lamm, Barnett, Crawford & Barnes, Sedalia, for appellant.

Harry H. Kay, Robert J. Quigley, Eldon, for respondent.

MAUGHMER, Commissioner.

Plaintiff, Bank of Ionia, sued the defendant, Bank of Eldon, for selling cattle on which plaintiff held a chattel mortgage and converting or applying the proceeds to the payment of its own indebtedness. The case was tried without a jury and resulted in a judgment for defendant. Plaintiff has appealed.

Most of the material facts are not in dispute. On September 28, 1959, Rex Decker and Harold Decker, brothers, residing in

Morgan County, Missouri, borrowed $3900 from defendant bank to finance the purchase of 15 Holstein cows. They gave their promissory note and chattel mortgage of even date and in like amount as security. The due date of the note was six months later. The chattel mortgage covered the 15 cows and was immediately filed in the office of the Recorder of Deeds for Morgan County.

At the end of each succeeding six month period and on March 28, 1960, September 30, 1960, and March 30, 1961, these same makers made, executed and delivered to defendant bank a new promissory note for this indebtedness and a new chattel mortgage on the 15 cows. The borrowers had made small payments from time to time and consequently these renewal notes became progressively less in amount. The balance of the indebtedness due at the time defendant sold the mortgaged property was $2,716.84.

Each of these renewal chattel mortgages was immediately filed in the recorder's office. None was acknowledged before a notary public. When a renewal note and chattel was taken by defendant bank it marked the preceding note "paid", the preceding chattel mortgage was canceled and released and both documents were returned to the makers. There was no writing on any of the renewal mortgages specifically declaring it to be in renewal of a pre-existing mortgage.

On October 24, 1960, the said Rex Decker and *Frances Decker, his wife*, signed and delivered their promissory note in the amount of $1595 to plaintiff bank. They also executed a chattel mortgage on the same 15 cows and delivered it to the Bank of Ionia as security. On January 6, 1961, this obligation was renewed by giving a new note and chattel. This last mortgage was acknowledged before a notary public. Both mortgages were duly filed in the recorder's office. At the time of trial it was agreed and established that the balance due on this debt was $1384.34.

In July, 1961, defendant bank repossessed the 15 cows and their increase, sold the same for $2,797.84, and marked the Decker indebtedness as "paid". It is conceded that this selling price was fair and reasonable.

Harold Decker did not testify at the trial. Rex Decker testified that after he and his brother mortgaged the cows, his brother got sick and he, Rex, "took over the cows". He said that he told Mr. Schnabel, cashier of the Bank of Ionia, at the time that bank took its mortgage that the cows were already mortgaged. Mr. Schnabel denied that he knew or was told the cattle were mortgaged when he took the mortgage for the plaintiff bank.

The trial court made written findings of fact and conclusions of law. It concluded (1) Plaintiff's evidence is not sufficient to show that Rex Decker and Frances Decker were the owners of the 15 cows when they executed plaintiff's mortgage; (2) Defendant's unacknowledged chattel mortgage on said cows dated September 30, 1960, and filed in the recorder's office was a prior lien to the chattel mortgage given to plaintiff on January 6, 1961; (3) The note and chattel mortgage to defendant on March 30, 1961, was in renewal of the September 30, 1960 note and chattel and was in renewal of the original debt and defendant did not release its lien, which was prior to the plaintiff's lien, by accepting a renewal note and chattel, and by marking the renewed note "paid" and by releasing the renewed chattel mortgage; (4) An unacknowledged chattel mortgage when duly filed is notice to the world of the lien created by it and defendant's unacknowledged chattel, duly filed, constituted notice to plaintiff of its prior lien to the cattle; (5) The court finds the issues for defendant and plaintiff's petition is dismissed at its cost.

█ It is our duty on appeal to review or hear this case de novo, be it an action at law tried by the court or a suit in equity. Bank of Kennett v. Clayton et al., 241 Mo. App. 487, 245 S.W.2d 678, 681, and cases there cited. We reach our own decision

from the facts as presented to us, but where the evidence is conflicting, accord great deference to the trial court, who had the advantage of hearing and observing the witnesses.

■ Actually, plaintiff on appeal specifically makes only one assignment of error, namely: "Chattel mortgages, as well as other mortgages, must be acknowledged to be valid against third parties, and the court is in error in his declaration of law". While the last clause of this assignment is rather indefinite, we shall, nevertheless, discuss the issue which the parties primarily disputed, that is, which chattel mortgage was the valid prior lien. Section 443.460, V.A.M.S. reads in part as follows: "No mortgage * * * of personal property hereafter made shall be valid against any creditors * * * or unless the mortgage * * * shall be filed in the office of the recorder of deeds of the county where the mortgagor * * * resides". Some states by statute require acknowledgment as a prerequisite to filing or recording, which brings into being "notice to the world" of the lien. But in Missouri it is not required that a chattel mortgage be acknowledged in order to be valid or in order to be filed with the recorder, and when so filed, it is notice to subsequent lienholders, even though they had no actual notice. Fitzgibbon Discount Corporation v. Windisch, Mo. App., 271 S.W.2d 226.

The ultimate and decisive question here presented is whether plaintiff's or defendant's chattel was the prior lien. On October 24, 1960, when plaintiff took the promissory note and chattel mortgage executed by Mr. and Mrs. Decker, and on January 6, 1961, when it took a renewal, the chattel mortgage of defendant on the same 15 cows was duly on file in the recorder's office. So far as plaintiff is concerned, it had constructive notice of the existence of defendant's mortgage regardless of whether it had actual notice. In order to decide this case it is not necessary to determine if Rex Decker did or did not

tell plaintiff's cashier Schnabel about it. The Bank of Eldon's mortgage was duly filed, plaintiff had constructive notice and unquestionably at the time, its lien was subject to defendant's prior lien. Did the fact that defendant thereafter on March 30, 1961, (while plaintiff's mortgage was on file) took a renewal note and mortgage and marked the prior note "paid" and released the older chattel, legally result in or have the effect of making plaintiff's mortgage a prior lien? We believe not.

In 14 C.J.S. Chattel Mortgages § 294, p. 931, we find this statement:

"Renewal mortgages. Since, as appears infra § 339, the giving of a new note and mortgage in renewal of, or in substitution for, the one originally given does not discharge the lien of the original mortgage, but the lien of the renewal mortgage attaches as of the date of the original mortgage, the acceptance by a prior mortgagee of a renewal note and mortgage in satisfaction of the original note and mortgage does not affect the right of his mortgage to priority over a mortgage executed subsequent to the original mortgage but prior to the renewal one, even though the renewal was made without the consent of the holder of the later mortgage".

This court in Drovers' Live Stock Commission Co. v. Wilson County Bank of Fredonia, Kan., 95 Mo.App. 251, 68 S.W. 967, 969, said:

"It is true that the bank's two loans to Ellis, which were ahead of Smith, were afterwards renewed, and new mortgages given to secure them; but we do not consider that a renewal in that way destroyed the priority of the original claim in a suit of this nature, which plaintiffs allege is based on the very equity and right of the matter as disclosed by the facts hereinbefore set forth".

The appellant relies and invites our attention to the case of Farkas v. Third Nat.

Bank of Albany, 133 Ga. 755, 66 S.E. 926, 26 L.R.A.,N.S., 496. In that case the defendant, instead of taking a renewal chattel mortgage, accepted warehouse receipts and at pages 926 and 927, the court said:

"If the new security which the bank accepted had been a mortgage instead of a pledge of the warehouse receipts, the case would be free from difficulty. The rule in such case has been well put by McClellan, J., in New England Mortgage Security Company v. Hirsch, 96 Ala. 232, 11 So. 63. Said he: 'While it is the law that the mere taking of a new note and mortgage, the debt evidenced by the former and the property embraced in the latter being the same, will not discharge or displace the lien of an existing mortgage, * * *'".

 At the time plaintiff's debt and chattel mortgage came into being there was a valid, existing prior lien held by defendant on the same 15 cows. It is the duty of a mortgagee to ascertain that the mortgagor has a good title to and owns the property he undertakes to mortgage. Peper v. American Exchange Nat. Bank in St. Louis et al., Mo.App., 205 S.W.2d 215; Goodman v. Nichols, 238 Mo.App. 802, 188 S.W.2d 666; Bank of Kennett v. Clayton et al., supra. Therefore, at the inception of plaintiff's mortgage it was subject to and second to defendant's mortgage and lien on the same property. Should the act of defendant in renewing its loan by taking a renewal note for the same debt and a renewal mortgage on the same property make plaintiff's loan or mortgage first and prior, thereby relegating defendant's older and valid security to a second position? We believe this would not be so under either law or equity. Plaintiff had constructive, if not actual, notice of defendant's chattel covering these 15 Holstein cows. It suffered no loss in position, grade or classification of its security, because defendant took a renewal note and chattel mortgage. Accordingly, defendant is not liable to plaintiff in conversion or otherwise for its action in repossessing and selling the property described in its chattel mortgage for the purpose of paying the debt.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.